IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action **No. 09-cr-301-JLK**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**3.**    **JUAN MARTIN RUELAS**,

    Defendants.

ORDER

**Kane, J.**

This matter is currently before me on Defendant Ruelas's Motion for Mistrial (Doc. 848). Defendant Ruelas argues that he was not provided ample opportunity to discuss the issue of jury instructions, and, as a result, his right to due process was violated.

Mr. Ruelas was given ample opportunity to submit and discuss jury instructions in this case. On April 13, 2011, pursuant to my Minute Order dated March 21, 2011 his counsel submitted proposed jury instructions on behalf of all Defendants. Although counsel was referred to the court's website, the submitted instructions failed to conform to the sample jury instructions provided and ignored the procedures to be used in drafting proposed jury instructions. *See* Sample Jury Instr'ns, http://www.cod.uscourts.gov/PageView.aspx?Page=Judges/JLK/JLK_Jury_Inst. Further, counsel appears to have ignored my suggestion that he consider my published article on the subject of reasonable doubt. *See* John L. Kane, *Reasonable Doubt and Other Shibboleths*, 29 Litigation 1

(Fall 2002). Notwithstanding these shortcomings, I thoroughly considered the proposed jury instructions. After reviewing the relevant case law, however, I rejected them in favor of drafting my own.

After providing the parties with my proposed instructions, Defendants orally objected to my failure to adopt their tendered instructions at the Final Trial Preparation Conference held on April 29, 2011. The government requested, and I ordered, that all objections be made in writing with citation to relevant case law. Mr. Rosalez heeded my order and submitted objections on behalf of Mr. Ruelas and the other parties on May 1, 2011. Before jury selection on May 2, 2011, I again rejected the parties' tendered instructions and finalized my proposed instructions.

At the close of the Defense case on June 8, 2011, I once again considered the parties' arguments regarding jury instructions. I instructed the parties to make written objections that had not already been made and that were warranted by evidence adduced at trial. Pursuant to my instructions, Mr. Pluma and Mr. Rosalez tendered proposed instructions with relevant and appropriate citations. I considered the parties' arguments and adopted one of the proposed changes to the instructions before charging the jury on June 9, 2011. I summarily denied Mr. Ruelas's attempt to contest the propriety of the instructions orally because he was explicitly instructed to submit such objections in written form.

Finally, I iterate my rejection of Mr. Ruelas's proffered instruction on reasonable doubt and find his arguments regarding error in the operative instruction without merit.[1] The Supreme

---

[1] Mr. Ruelas's original proposed instruction on reasonable doubt cited only O'Malley, Grenig & Lee Federal Jury Practice and Instructions, Sixth Edition, Vol. 1A, §12.10 as authority for its content. There was no citation to *Victor v. Nebraska, infra*, or any controlling Tenth Circuit precedent in support of his tendered instruction at that time or later, when counsel was instructed to file written instructions in advance of jury selection on May 2, 2011, or when

Court's holding in *Victor v. Nebraska*, 511 U.S. 1 (1994), does not require, but merely suggests, that the language regarding Mr. Ruelas's desired instruction regarding reasonable doubt is acceptable. *See Tillman v. Cook*, 215 F.3d 1116 (10th Cir. 2000). The operative instruction in this case (Instruction No. 4) defines "proof beyond a reasonable doubt" in terms of a "firm conviction" of guilt and distinguishes "reasonable" doubt from doubt that is based on a "hunch, guess, or whim." This language conforms to the Federal Judicial Center's Pattern Criminal Jury Instruction 21, the adoption of which was urged by Justice Ginsberg in *Victor* and cited favorably by the Tenth Circuit in *Tillman.* 215 F.3d at 1126, n.3 (citing *Victor*, 511 U.S. at 27 (Ginsburg, J., concurring) and Federal Judicial Center, Pattern Criminal Jury Instructions, at 17-18)).

   Based on all of the foregoing, Mr. Ruelas' Motion for Mistrial is DENIED.


Dated June 10, 2011.              **s/ John L. Kane**
                             SENIOR U.S. DISTRICT JUDGE

---

instructed to file written objection in advance of the jury charge on June 8, 2011.